# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY J. EARL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant.<br>_____ | 1:11-cv-01731-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>(Document 1) |

## I.   INTRODUCTION

On October 17, 2011, plaintiff Ruby J. Earl ("Plaintiff") filed a complaint in this Court against the Clovis Unified School District ("CUSD" or "Defendant"). Plaintiff alleges she was discriminated against on the basis of race when Defendant refused to award her a sports officiating contract in violation of Title VI of the 1964 Civil Rights Act, specifically, 42 U.S.C. § 2000d. (Doc. 1.)  Plaintiff additionally asserts Defendant's discriminatory practices violate the Americans with Disabilities Act of 1990, the California Education Code § 220 *et seq.,* and constitute a "[v]iolation of [the] Continuous Violations Doctrine[,] 79 Cal. App. 4th 570."   (Doc. 1.) [1]

---

[1] At the outset of Plaintiff's Complaint, Plaintiff states that "[t]his suit is instituted to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 1981, 1983, 1985 and 1986." (Pl.'s Compl., ¶ 1, Doc. 1.) Plaintiff, however, does not state these grounds for relief as one of her causes of action.  Rather, these statutes are

1

## II.   DISCUSSION

### A.   Screening Standard

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 1949.

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

---

merely mentioned, but are not referenced again throughout the remainder of Plaintiff's Complaint. Similarly, without pleading the following claims for relief, Plaintiff makes a passing reference to potential violations of Cal. Bus. & Prof. Code §17200, intentional interference with prospective economic advantage and for negligence. However, because pro se complaints are to be construed liberally, the court will address the viability of these claims as though they were properly pled.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

**B.    Jurisdiction**

Plaintiff contends jurisdiction is proper under 28 U.S.C. §§ 1331, 1343 and 1346. (Pl.'s Compl., ¶ 2, Doc. 1.) Jurisdiction is proper pursuant to Sections 1331 and 1343 because Plaintiff has asserted claims arising under the Constitution and laws of the United States. However, because the United States is not a party to this action, there is no jurisdiction under Section 1346.

**C.    Plaintiff's Title 42 and State Law Claims Are Barred By The Eleventh Amendment**

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Under the Eleventh Amendment, agencies of the state are immune from private damages actions or suits for injunctive relief brought in federal court. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

California courts, both state and federal, have consistently held that California public school districts and their subdivisions are state agencies for Eleventh Amendment purposes. *See e.g., Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir. 1982) (California state colleges and universities are "dependent instrumentalities of the state"); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (noting that, because of the funding relationship

that exists between California schools and the State of California, public school districts and their subdivisions are state agencies for Eleventh Amendment purposes);  *Slivkoff v. California State Univ. And Colleges,* 69 Cal. App. 3d 394, 400 (1977).

### 1. Plaintiff's Title 42 Claims

Plaintiff's Complaint makes a passing reference to potential violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986.[2]  The United States Supreme Court has held that Title 42 of the United States Code section 1983 "was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. at 169, n.17.  Although it could in theory abrogate its own Eleventh Amendment immunity for purposes of such suits, California has not done so.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding California Constitution does not waive immunity from federal court jurisdiction); *Dittman v. State of California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999).  Under Ninth Circuit and California law, a school district is "a state entity that possesses eleventh amendment immunity from . . . section 1981, 1983 and 1985 claims in damages and for injunctive relief." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988); *see also Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (Eleventh Amendment immunity bars claimed against state agency pursuant to §§ 1985 & 1986).

CUSD is a public school district in California, thus, it is an arm of the state, and is shielded from suit in federal court under the Eleventh Amendment, as are its board members.[3]  Therefore, this Court recommends that Plaintiff's claims pursuant to sections 1981, 1983, 1985 and 1986 of Title 42 of the United State Code be dismissed as barred by the Eleventh Amendment.

---

[2] Plaintiff's Complaint, however, fails to plead these claims or allege facts which would support such claims.

[3] Although CUSD's board members are not individually named, the Complaint does reference "CUSD board members" and other persons not named as defendants.

### 2. Plaintiff's State Law Claims

Plaintiff alleges Defendant's discriminatory practices violate California Education Code § 220 *et seq.* Plaintiff additionally makes a passing reference to potential claims for negligence, intentional interference with prospective economic advantage and for violations of Cal. Bus. & Prof. Code §17200.[4]

Discussed above, *supra,* Section II.C., CUSD is an arm of the state and is therefore shielded from suit in federal court pursuant to the Eleventh Amendment. Therefore, it is recommended Plaintiff's state law claims be dismissed without leave to amend as amendment would be futile.

### E. Section 2000d of Title 28 of the United States Code

Under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

Accordingly, "[t]he two elements for establishing a cause of action pursuant to Title VI are (1) that the entity involved is engaging in racial or national origin discrimination and (2) the entity involved is receiving federal financial assistance." *Jackson v. Conway*, 746 F.Supp. 896, 903 (E.D. Missouri 1979). Notably, Congress has abrogated States' sovereign immunity for "violations [of Title VI] that occur in whole or in part after October 12, 1986." 42 U.S.C. § 2000d7(b) (Supp. 1987).

Plaintiff alleges Defendant is a recipient of federal funds. (Pl.'s Compl., ¶¶ 13, 14, Doc. 1.) ("CUSD is a recipient of federal funds for its athletic programs for which it uses sports officiating service contracts . . . [Defendant] received the aforesaid federal funds from the United

---

[4] Plaintiff's Complaint, however, fails to plead these claims or allege facts which would support such claims. Additionally, Plaintiff has pled a claim for "Violation of Continuous violations doctrine 79 Cal.App.4th 570 Against Defendant CUSD." (Doc. 1 at 13.) The Continuous Violations Doctrine is not, in and of itself, cognizable grounds for relief. Rather, the doctrine concerns the timeliness of one's claims and may excuse claims otherwise barred by the applicable statute of limitations. Therefore, this Court recommends Plaintiff's Continuous Violations Doctrine cause of action be dismissed without leave to amend.

States Secretary of Education, or through some other federal funding department . . . .") Plaintiff additionally alleges Defendant engaged in racial discrimination in refusing to grant Plaintiff the subject sports officiating contract. (Pl.'s Compl., ¶¶ 16-17, Doc. 1) ("Defendant FUSD failed to provide Plaintiff an equal opportunity to obtain 'all sports' officiating services contract work from Defendant FUSD because of his race, Afro-American, and because of his color, black.") Plaintiff makes multiple allegations which, taken as true, arguably support a claim for racial discrimination. (Pl.'s Compl., ¶¶ 9, 17, 19-27, Doc. 1.)

Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim against Defendant for a violation of Title VI of the 1964 Civil Rights Act. *See Earl v. Fresno Unified School Dist.,* No. 11-cv-01568 LJO GSA (E.D. Cal., Oct. 31, 2011) (In a virtually identical complaint asserted by Plaintiff against the Fresno Unified School District, Judge Austin found these same allegations to sufficiently state a claim.)

### F.    Americans With Disabilities Act

The Americans with Disabilities Act ("ADA") prohibits "discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Section 12132 of Title 42 of the United States Code provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  In order to state an ADA claim, a plaintiff must allege that: (1) she is an individual with a disability, (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability. *O'Guinn v. Lovelock Correctional Center*, 502 F. 3d 1056, 1060 (9th Cir. 2007).

Plaintiff claims she is a disabled woman. (Pl.'s Compl., ¶¶ 1, 28, 30, Doc. 1.)  Plaintiff claims she is qualified to have received the "all sports contracts" from FUSD as she is accredited by the California Interscholastic Federation and operates Central California Soccer Officials Association ("CCSOA"), a business offering officiating services.[5]  (Pl.'s Compl., ¶ 9, Doc. 1.)  Third, Plaintiff claims she was excluded from participation in or denied the benefits of FUSD's services, programs, or activities, or was otherwise discriminated against by FUSD, when it refused to award her an officiating contract and "failed to use an open, fair and legal bidding process in awarding" its sports officiating contracts. (Pl.'s Compl.,13-15, Doc. 1.)  Finally, Plaintiff asserts that her exclusion, denial of benefits, or discrimination by FUSD was "in whole or in part," by reason of her disability. (Pl.'s Compl., 15, Doc. 1.)

Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim against FUSD for a violation of the ADA.  *See Earl v. Fresno Unified School Dist.,* No. 11-cv-01568 LJO GSA (E.D. Cal., Oct. 31, 2011) (In a virtually identical complaint asserted by Plaintiff against the Fresno Unified School District, Judge Austin found these same allegations to sufficiently state a claim.)

## RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that the following causes of action be DISMISSED WITHOUT LEAVE TO AMEND against Defendant CUSD:

1. Plaintiff's allegations against Defendant CUSD pertaining to sections 1981, 1983, 1985 and 1986 of Title 42 of the United States Code; and

2. Plaintiff's state law claims against Defendant CUSD arising under the California Education Code, Cal. Bus. & Prof. Code §17200, as well as Plaintiff's claims for negligence and intentional interference with prospective economic advantage and for violations of the continuing violations doctrine.

---

[5] In February 2010, Plaintiff received accreditation for her new sports officiating business, Fresno Valley Sports.

The Court FURTHER RECOMMENDS that Plaintiff's remaining claims against CUSD arising under section 2000d of Title 28 of the United States Code and the ADA may proceed as those claims are sufficiently pled for purposes of pro se screening.

These findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  Plaintiff may file written objections with the Court no later than thirty (30) days from the date of these findings.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In the event Plaintiff does not object, her case will proceed only as to the two federal claims identified above.

IT IS SO ORDERED.

**Dated:   January 3, 2012**                                        **/s/ Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE