**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBY J. EARL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT; and DOES 1 TO 18,<br><br>　　　　　Defendants. | 1:11-CV-01731-LJO-BAM<br><br>**ORDER ON MOTION TO DISMISS**<br>(Docs. 19, 20, 22, 23) |

**INTRODUCTION**

Pro se plaintiff Ruby J. Earl ("Ms. Earl") alleges that Clovis Unified School District ("CUSD") and Does 1 through 18 discriminated against her on account of her race and disability by preventing her from obtaining a sports officiating contract. Ms. Earl alleges claims pursuant to 42 U.S.C. § 2000d and the Americans with Disabilities Act ("ADA"). CUSD seeks to dismiss Ms. Earl's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Ms. Earl opposes the motion and requests leave to amend the complaint. For the reasons discussed below, this Court GRANTS CUSD's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and DENIES Ms. Earl's request for leave to amend.

**BACKGROUND**

**A. Facts**[1]

Ms. Earl is African American and disabled. (Doc. 1, ¶ 15). She owns and operates an accredited sports officiating business known as Central California Soccer Officials Association ("CCSOA"). (Doc. 1, ¶ 9a). In March 2008, she was approached by CUSD's District Athletic

---

[1] The background facts are derived from Ms. Earl's complaint. This Court accepts the factual allegations in Ms. Earl's complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1

Director, Dennis Lindsay ("Mr. Lindsay"), who requested that she support CUSD's effort to award the all sports officiating contract to California Sports Officials Association ("California Sports"). (Doc. 1, ¶ 9a). California Sports is led by a non-African American, and, at the time of Mr. Lindsay's request, the company did not legally exist. (Doc. 1, ¶ 9a). Ms. Earl was "somewhat bewildered" that CUSD would ask her to support an officiating business that did not yet exist and that CUSD did not request a bid from her company. (Doc. 1, ¶ 9a). Ms. Earl previously worked soccer contracts for CUSD from 2003-2008. (Doc. 1, ¶ 9a). Ms. Earl reluctantly accepted CUSD's request to support California Sports. Mr. Lindsay assured Ms. Earl that all would be fine. (Doc. 1, ¶ 9a). In May 2008, CUSD awarded its all sports officiating contract to California Sports. (Doc. 1, ¶ 9b). Ms. Earl worked for California Sports until January of 2009, when she was suddenly discharged without reason or explanation. (Doc. 1, ¶ 9c). Ms. Earl contacted Mr. Lindsay regarding her discharge and he did not respond. (Doc. 1, ¶ 9c). In December 2009, Ms. Earl performed limited contracted work for CUSD. (Doc. 1, ¶ 9d).

In February 2010, Ms. Earl started a new accredited sports officiating business known as Fresno Valley Sports ("FVS"). (Doc. 1, ¶ 9e). Ms. Earl notified CUSD, through Mr. Lindsay, about her new business venture. (Doc. 1, ¶ 9e). In March 2010, Ms. Earl notified CUSD of her availability for the all sports officiating contract and her intention to submit a bid for the 2010/2011 school year. (Doc. 1, ¶ 9f). In May 2010, CUSD, aware of other pending discrimination lawsuits, chose not to offer a Request for Proposal ("RFP") to Ms. Earl for the 2010/2011 school year all sports officiating contract. (Doc. 1, ¶ 9g). She later learned that CUSD did not interview or accept the bids of other minority contractors. (Doc. 1, ¶ 9g). Instead, CUSD split the contract between California Sports and San Joaquin Valley Officials Association ("SJVOA"), the company that controlled the contract for sixty years prior to it being awarded to California Sports (Doc. 1, ¶ 9g). In early 2011, CUSD changed the structure of its contracts with California Sports and SJVOA and did not make the information regarding the contract changes available to minority contractors or to the public. (Doc. 1, ¶ 9h).

In August 2011, Ms. Earl filed a government tort claim against CUSD for continuing to violate its own anti-discrimination policy by not allowing an open, fair, and equal bidding process. (Doc. 1, ¶ 9i). The claim was denied as time barred. (Doc. 1, ¶ 9j).

2

**B. Procedural History[2]**

Following the Court's screening, the operative claims are Ms. Earl's first and third causes of action brought under 42 U.S.C. § 2000d and the ADA respectively. (Doc. 6).

On September 13, 2012, CUSD filed a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 19, 20). Ms. Earl opposed the motion and requested leave to amend the complaint. (Doc. 22).[3] CUSD filed a reply. (Doc. 23). This Court found the motion the motion suitable for decision without oral argument, pursuant to Local Rule 230(g), and vacated the October 16, 2012 hearing date. (Doc. 25). Having considered the parties' arguments and the relevant law, this Court issues this order.

## DISCUSSION

### Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

**A. Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[2] Both parties agree that Ms. Earl filed a related lawsuit against Fresno Unified School District ("FUSD") and unnamed Does in which she made virtually identical claims based on very similar alleged facts one month before she filed the complaint in the instant case. See, *Earl v. Fresno Unified School District Board of Education*, 2012 WL 1608606 (May 8, 2012). This Court granted FUSD's motion to dismiss Ms. Earl's claims with leave to amend the complaint. *Id*. After Ms. Earl submitted an amended complaint, this Court dismissed with prejudice Ms. Earl's federal claims against FUSD and dismissed without prejudice Ms. Earl's state law claims against FUSD. *Earl v. Fresno Unified School District Board of Education*, 2012 WL 2798806 (July 9, 2012).

[3] As CUSD points out, Ms. Earl did not timely file her opposition to the motion to dismiss. (Doc. 23).

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Where the plaintiff is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been

stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

With these standards in mind, this Court turns to CUSD's challenges to the allegations in Ms. Earl's complaint.

**B. First Cause of Action**

CUSD makes three arguments in support of its motion to dismiss Ms. Earl's 42 U.S.C. § 2000d claim.

### 1. Statute of Limitations

First, CUSD contends that to the extent Ms. Earl's 42 U.S.C. § 2000d claim is based on events that occurred prior to October 17, 2009, the claims are time-barred by the two year statute of limitations period. This Court agrees.

The Ninth Circuit has held "that claims brought under 42 U.S.C. § 2000d are governed by the same state limitations period applicable to claims brought under [42 U.S.C.] § 1983." *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam). The limitations period applicable to section 1983 claims is the state's limitations period for personal injury actions. *Id*. at 711. In California, the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. Ms. Earl filed her complaint on October 17, 2011. (Doc. 1). Accordingly, her allegations that are based on events that occurred prior to October 17, 2009 are barred by the statute of limitations.

### 2. Failure to State a Claim under a "Respondeat Superior" Theory of Liability

Next, CUSD argues that Ms. Earl failed to state a claim under 42 U.S.C. § 2000d (Title VI) because CUSD cannot be held liable under 42 U.S.C. § 2000d for the acts of its employees.

"[C]ourts have consistently concluded that there is no claim for vicarious liability under Title VI." *Vouchides v. Houston Comty. Coll. Sys.*, 2011 WL 4592057, at *6 (S.D. Tex Sept. 30, 2011) *citing Griffin v. Spokane Pub. Sch. Dist. No. 81*, 2011 WL 613401, at *1 (E.D. Wash Feb. 15, 2011); *Santos v. Peralta Comty. Coll. Dist.*, 2009 WL 3809797, at *7 (N.D. Cal. Nov. 13, 2009); *Manuel v. City of Bangor*, 2009 WL 3398489, at *3 (D. Me. Oct. 21, 2009); *Hurd v. Del. State Univ.*, 2008 WL 4369983, at *6 (D. Del. Sept. 25, 2008); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328-29 (S.D.N.Y. 2007); *Langadinos v. Appalachian Sch. of Law*, 2005 WL 2333460, at *10 (W.D. Va. Sept.

25, 2005). As explained by the Northern District, "the Supreme Court has expressly held that an entity may not be held vicariously liable for an employee's conduct pursuant to Title IX." *Santos*, 2009 WL 3809797, at *7 *citing Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998). Title IX was modeled after Title VI with the only substantive difference being that Title IX prohibits sex discrimination and Title VI prohibits race discrimination. *Gebser*, 524 U.S. at 286. In addition, the "two statutes operate in the same manner." *Id.* Thus, it naturally follows that "a theory of vicarious liability is not viable under Title VI, just as such a theory is not viable under Title IX." *Santos*, 2009 WL 3809797, at *7.

To be clear, a theory of vicarious liability is not wholly inapplicable to a Title VI claim; however, it is not applicable under the circumstances of this case. See, e.g., *Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957, 968 (9th Cir. 2010) (discussing limits of applicability of vicarious liability in discrimination, harassment, and retaliation cases). In her complaint, Ms. Earl alleges that CUSD's athletic directors who served on the 2010 sports officiating contract selection committee and who were CUSD's employees discriminated against her by not selecting her for the sports officiating contract. She impermissibly seeks to hold CUSD responsible for the alleged acts of its employees without any allegations that CUSD knew of the actions of its sports directors or that the decision was a direct action of CUSD. Because CUSD cannot be held vicariously liable under Title VI for the acts of its employees in this context, Ms. Earl's 42 U.S.C. § 2000d claim against CUSD is dismissed.

### 3. Failure to Allege Sufficient Facts

CUSD contends that Ms. Earl has failed to state a claim under 42 U.S.C. § 2000d (Title VI) because she failed to allege facts to show that CUSD engaged in racial discrimination. As CUSD points out, although Ms. Earl was not awarded a sports officiating contract, she fails to explain how CUSD discriminated against her in doing so.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "To state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal

financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.* 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

Ms. Earl alleges that CUSD engaged in unlawful racial discrimination by failing to award the 2010/2011 officiating services contract to Ms. Earl or another minority contractor. (Doc. 1, ¶ 9(g)). Although CUSD chose not to offer an RFP to Ms. Earl for the 2010/2011 school year, Ms. Earl has failed to allege facts to show that CUSD did so to prevent her from submitting a bid because of her race. Ms. Earl further alleges that CUSD discriminated against her on account of her race because it awarded the 2010/2011 school year contract to a non-African American contractor. (Doc. 1, ¶ 18, 22, 24). The mere fact that CUSD awarded the contract to a non-African American does not show that CUSD engaged in racial discrimination.

For the reasons discussed above, this Court GRANTS CUSD's motion to dismiss Ms. Earl's first cause of action.

**C. Third Cause of Action**

CUSD makes three arguments in support of its motion to dismiss Ms. Earl's ADA claim.

**1. Statute of Limitations**

First, CUSD argues that, to the extent Ms. Earl's allegations under the ADA are based on events that occurred prior to October 17, 2009, the claims are time-barred by the two year statute of limitations period. Claims arising under the ADA are governed by the forum state's statute of limitations for personal injury actions. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (applying California's statute of limitations for personal injury actions to plaintiff's ADA claims). In California, the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. Ms. Earl filed her complaint on October 17, 2011. (Doc. 1). Accordingly, her ADA allegations that are based on events that occurred prior to October 17, 2009 are barred by the statute of limitations.

**2. Failure to Allege Employee Status**

Next, CUSD contends that Ms. Earl has failed to state a claim under Title I of the ADA, 42 U.S.C. § 12112, because the ADA protects employees, not independent contractors, and Ms. Earl is an

7

independent contractor.

"The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (citing 42 U.S.C. § 12112(a)).[4]  The Ninth Circuit has explained that, "Title I [of the ADA] covers all aspects of the employer-employee relationship . . . it does not cover other relationships, which are addressed elsewhere in the ADA." *Fleming v. Yuma Regional Medical Center*, 587 F.3d 938, 942 (9th Cir. 2009).  Thus, Title I of the ADA "protects employees, the Act does not protect independent contractors." *Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (internal quotation marks and citations omitted).

Ms. Earl alleges that she hoped to obtain a contract for her sports officiating business.  Ms. Earl does not allege that she was employed or attempted to gain employment with CUSD.  Consequently, Ms. Earl has failed to state a claim under Title I of the ADA, 42 U.S.C. § 12112(a).

**3. Failure to Allege Sufficient Facts**

CUSD asserts that Ms. Earl failed to state a claim under the ADA because she failed to allege facts to show that she has a "disability," is a "qualified individual," or that she was unlawfully discriminated against because of her disability.

"[U]nder the ADA, an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a qualified individual with a disability, and (3) discriminated against because of the disability." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (en banc) (internal quotation marks omitted).  The ADA defines "disability" as a condition that fits into one or more of the following categories: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1); *see also* 28 C.F.R. § 36.104 (providing specific examples of what constitutes a "physical or mental impairment" and "major life activities" as well as a list of what is not considered a disability).  The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment

---

[4] 42 U.S.C. § 12112(a) provides that,"[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

position that such individual . . . desires." 42 U.S.C. § 12111(8).

> Qualification for a position is a two-step inquiry. The court first examines whether the individual satisfies the "requisite skill, experience, education and other job-related requirements" of the position. The court then considers whether the individual "can perform the essential functions of such position" with or without a reasonable accommodation.

*Bates*, 511 F.3d at 990 (quoting 29 C.F.R. § 1630.2(m)).

Ms. Earl alleges that she is disabled and that her sports officiating contract bid was "not considered, not properly assessed and evaluated, and not approved" because of her disability. (Doc. 1, ¶ 15, 49). Ms. Earl's claim is defective because she fails to state her actual disability and whether it substantially limits a major life activity. In addition, Ms. Earl fails to allege facts to show that she possesses the skills and experience required by the position and that she can perform the essential functions of the position with or without an accommodation. Ms. Earl only alleges that she previously "worked soccer contracts" for CUSD, that CUSD was aware of Ms. Earl's "leadership abilities in the initial development and operations of [California Sports]," and that CUSD knew Ms. Earl and her business "were qualified to perform the 2010 and 2011 sports officiating services contract according to CUSD's previous Request for Proposals." (Doc. 1, ¶ 9, 44). Even though she has officiated for soccer and submitted RFP responses in the past, Ms. Earl fails to allege what skills or experience she possesses that make her qualified to perform the all sports officiating services contract. Moreover, Ms. Earl fails to allege facts to show that CUSD declined to award her the sports officiating contract because of her disability.

This Court GRANTS CUSD's motion to dismiss Ms. Earl's third cause of action.

**D. Request for Leave to Amend the Complaint**

Ms. Earl opposes CUSD's motion to dismiss her first and third causes of action and, in the alternative, requests leave to amend her complaint. (Doc. 22). Ms. Earl seeks to amend her complaint "so that she may cite specific legal authority requiring defendant to take/act in a racial[sic] neutral, non-discriminatory manner in the awarding of its public contracts, such as we have in the award of its sports officiating contract work." (Doc. 22 p. 5). As discussed above, Title VI of the Civil Rights Act,

9

under which Ms. Earl brought her first cause of action, provides a private civil right of action for plaintiffs who allege that an entity receiving federal financial assistance, such as CUSD, is engaging in racial discrimination. 42 U.S.C. § 2000d.  Ms. Earl has already invoked specific legal authority that prohibits entities such as CUSD from acting in a racially discriminatory manner.  Further, the fatal deficiencies in her claims, as detailed above, would not be cured by "cit[ing] specific legal authority requiring defendant to take/act in a racial[sic] neutral, non-discriminatory manner."

For these reasons, Ms. Earl's request for leave to amend her complaint is DENIED.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS CUSD's motion to dismiss Ms. Earl's first and third causes of action;
2. DENIES Ms. Earl's request for leave to amend the complaint; and
3. DIRECTS the clerk of court to enter judgment in favor of defendant Clovis Unified School District against plaintiff Ruby J. Earl and close this action.

IT IS SO ORDERED.

Dated:   **October 24, 2012**          **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE